**Medinarte Palma PEREGRINO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71517.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

---

**7.** 8 C.F.R. § 1208.13(b)(1)(i)(A).

**8.** *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004) (internal quotation marks and citation omitted).

**9.** *See id.*

**10.** *See* 8 C.F.R. § 208.16(c)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Medinarte Palma Peregrino, San Diego, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Douglas E. Ginsburg, John M. McAdams, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Medinarte Palma Peregrino, a native and citizen of the Philippines, petitions for

review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, relief under the Convention Against Torture (the "Convention") and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the IJ's order denying asylum, withholding of removal, and relief under the Convention. We do not have jurisdiction to review the IJ's denial of voluntary departure. 8 U.S.C. § 1252(a)(2)(B); *see also Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1170 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We review the IJ's factual findings for substantial evidence, and we must uphold the findings unless the evidence compels a contrary result. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Peregrino's testimony that she feared persecution due to her father's work as a Philippino policeman and assistant to the mayor was undermined by her father's visa application in which he listed his employment as warehouse inspector and supply technician. These discrepancies undermined the key element of Peregrino's asylum claim, that she was persecuted on account of an imputed political opinion and membership in a particular social group. *See Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam). Therefore, substantial evidence supports the IJ's adverse credibility finding and denial of Peregrino's asylum application. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's credibility findings went to key elements of the asylum application, including identity and membership in a persecuted group).

■ Because Peregrino failed to establish eligibility for asylum, she also failed to satisfy the more stringent standard for withholding of removal. *See id.*

■ Substantial evidence also supports the IJ's conclusion that Peregrino is not entitled to relief under the Convention because she failed to demonstrate that it is more likely than not that she will be tortured if returned to the Philippines. *See Malhi,* 336 F.3d at 993.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. We grant Kaleka's motion to submit the case on the briefs. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-